J. A03043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROGER C. VISCARELLO & <br> LAURA A. VISCARELLO, H/W | : <br> : <br> : | IN THE SUPERIOR COURT OF <br> PENNSYLVANIA |
| Appellants | : <br> : <br> : | |
| v. | : <br> : | |
| THOMAS M. ELLIOTT, CRAIG A. <br> BRENNAN AND KELLY A. ELLIOTT | : <br> : <br> : | |
| | : | No. 801 MDA 2014 |

Appeal from the Judgment Entered April 4, 2014
In the Court of Common Pleas of Bradford County
Civil Division No(s).: 2011 EQ 000377

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.: **FILED NOVEMBER 25, 2015**

I respectfully dissent. In my view, under the particular circumstances of this case, I would find that the license to use the roadway to access the hunting cabin became irrevocable under the rules of estoppel. ***See Morning Call, Inc. v. Bell Atlantic-Pennsylvania, Inc.***, 761 A.2d 139, 144 (Pa. Super. 2000). The record established that Appellee Elliott gave Appellants permission to use the disputed roadway. Appellee Elliott was aware of the cabin construction and did work in connection with the construction. It is undisputed that Appellee Elliott knew that a significant investment was being

---

[*] Former Justice specially assigned to the Superior Court.

made by Appellants. "[A] license to do something on the licensor's land when followed by the expenditure of money on the faith of it, is irrevocable . . . ." *Id.* at 144 (citation omitted). Appellee Elliott's permission cannot be recalled to Appellants' detriment. *See id.*

Appellee Brennan was aware of the fact that Appellee Elliott had given Appellants permission to use the roadway prior to the time he acquired co-ownership in Appellee Elliott's property. "[S]uccessors-in-title take subject to an irrevocable license if they had notice of the license before the purchase." *Id.* (citation omitted). Thus, I would hold that Appellee Brennan's interest in the property is subject to the irrevocable license. *See id.* Therefore, I would find the trial court erred as a matter of law in denying Appellants' request for a permanent injunction compelling Appellees to allow them the use of the roadway to access their hunting cabin.